IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK DELGRANDE**<br>**Plaintiff** | **CIVIL ACTION** |
| **Vs.** | **No.: 16-5778** |
| **THE CITY OF PHILADELPHIA, POLICE OFFICERS JOHN DOE NUMBERS ONE THROUGH FIVE, BADGE NUMBERS UNKNOWN**<br>**Defendants** | **JURY TRIAL DEMANDED** |

FILED
DEC 20 2016
LUCY V. CHIN, Interim Clerk
By ________ Dep. Clerk

**FIRST AMENDED COMPLAINT**

## I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the common law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## II. PARTIES

2. Plaintiff, Mark Delgrande, is a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 650 Parlin Street Apt. B, Philadelphia, Pennsylvania 19116.

3. Defendant, City of Philadelphia, is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA

19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in creating and maintaining a Police Department and was the employer of all of the Police Officer Defendants in this action.

4. Defendant, Police Officer Number One, name and badge number unknown (herein after "Police Officer Number One"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

5. Defendant, Police Officer and or Detective Number two, name and badge number unknown (herein after "Police Officer Number Two"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6. Defendant, Police Officer and or Detective Number Three, name and badge number unknown (herein after "Police Officer Number Three"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and

was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

7. Defendant, Police Officer and or Detective Number Four, name and badge number unknown (herein after "Police Officer Number Four"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

8. Defendant, Police Officer and or Detective Number Five, name and badge number unknown (herein after "Police Officer Number Five"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of

Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

9. At all times material and relevant to this complaint, Defendant, City of Philadelphia, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

9. At all times referred to herein, Defendants, acted under color of the laws, statutes ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia and the Police Department of the City of Philadelphia, and pursuant to their authority as police officers and or detectives of the City of Philadelphia and its police department.

## III. FACTS

10. On or about April 13, 2016, at approximately 11:00 p.m., Plaintiff was operating his motor vehicle in the area of 10901 Old Bustelton Avenue, in the City and County of Philadelphia.

11. Defendant, Police Officer Number One was, at the same time, also operating a motor vehicle in the area of 10901 Old Bustelton Avenue, in the City and County of Philadelphia.

12. Defendant, Police Officer Number One, drove his motor vehicle across the path of Plaintiff's moving motor vehicle as both vehicles entered the parking lot located at or near 10901 Old Bustelton Avenue, Philadelphia, PA 19149.

13. In the parking lot located at or near 10901 Old Bustelton Avenue, Philadelphia, Pennsylvania 19149. Plaintiff and Police Officer Number One engaged in a conversation.

14. Suddenly, and without warning, Police Officer Number One, drew his Philadelphia Police issued baton and repeatedly struck/assaulted/battered Plaintiff about the head and body causing serious and permanent injury to Plaintiff, including, but not limited to: a laceration to his head, requiring seven staples, a hand fracture of the left fourth finger requiring multiple surgeries, post traumatic headaches, severe and multiple injuries, both internal and external, to and about his body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, internal injuries of an unknown nature, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

15. Eventually, Plaintiff was able to get back to his motor vehicle and drive to his residence, located at 650 Parlin Street Apt. B, Philadelphia, Pennsylvania 19116.

16. Thereafter, Defendant Police Officer Number One, Defendant Police Officer Number Two, and Defendant Police Officer Number Three came to Plaintiff's home before he was able to go to the hospital for his injuries, and arrested him.

17. At or near the same time that Defendant Police Officer Number One, Defendant Police Officer Number Two, and Defendant Police Officer Number Three were arresting Plaintiff at his home, Defendant Police Officer Number Four and Defendant Police Officer Number Five, believed to be detectives assigned to the Philadelphia Police Department's Internal Affairs Division, conducted an investigation into the assault of Plaintiff that included watching a surveillance video of said assault.

18. Although Defendant Police Officer Number Four and Defendant Police Officer Number Five observed evidence that demonstrated that Plaintiff was a victim of an assault by Defendant Police Officer Number One, Defendant Police Officers, One, Two, Three, Four, and Five, worked in concert to deprive Plaintiff of his Constitutionally Protected Rights, including, but not limited to, his liberty by detaining him and subjecting him to unwarranted investigation, interrogation, and intimidation.

19. Although Defendant Police Officer Number Four and Defendant Police Officer Number Five observed evidence that demonstrated that Plaintiff was a victim of an assault by Defendant Police Officer Number One, Defendant Police Officers, One, Two, Three, Four, and Five, worked in concert to threaten, intimidate, terrorize, and otherwise, manipulate Plaintiff by detaining him and subjecting him to unwarranted investigation.

20. Defendant Police Officers Number Two, Three, Four, and Five, knew that Defendant Police Officer Number One beat Plaintiff so badly that he caused the injuries described more fully in Paragraph fourteen, Defendants placed Plaintiff in handcuffs, transported him to a police station, detained him, interrogated him, intimidated him, and threatened him.

21. The aforesaid assault, battery and unlawful imprisonment, use of excessive force, restrictions of freedom to move, and the physical and psychological abuse inflicted upon the plaintiff by Defendants, Police Officers one through five, were carried out unlawfully, maliciously and intentionally.

22. As a direct and proximate result of the intentional, unlawful, reckless and malicious acts described above, all committed by Defendants, Police Officers one through five, under color of law, under their authority as City of Philadelphia Police Officers, while

acting in the course and scope of their employment and pursuant to authority vested in them by City of Philadelphia, Defendants caused plaintiff herein to sustain serious and painful injuries to his body, and to suffer serious mental anguish and economic damages, some or all of which injuries and damages may continue indefinitely into the future.

**FIRST CAUSE OF ACTION**
**EXCESSIVE USE OF FORCE BY DEFENDANTS**
**COGNIZABLE UNDER 42 U.S.C. §1983**

23. The allegations set forth in all preceding paragraphs inclusive, are incorporated herein as if fully set forth.

24. At the time and date aforementioned, Defendant Police Officer Number One used unnecessary force on plaintiff by, inter alia, striking him about the head and body with a baton. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

25. Defendant Police Officers Number One through Five used unnecessary force on plaintiff by, inter alia, handcuffing, arresting, forcibly moving, oppressing, intimidating, and detaining him when he was in need of serious medical attention. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

26. At no time did plaintiff's actions justify the actions of Defendant Police Officers Number One through Five.

27. As a direct and proximate result of the aforesaid excessive use of force and unlawful and malicious physical abuse of plaintiff by defendants, committed under color of law and under each individual defendant's authority as a police officer of the City of

Philadelphia, plaintiff suffered harm and was deprived of his constitutional rights, including but not limited to his Fourth and Fourteenth Amendment Constitutional rights.

28. As a direct and proximate result of the malicious and outrageous conduct of Defendants, plaintiff suffered physical injuries, as well as psychological and emotional injuries, some or all of which may be permanent.

29. The acts of Defendants as aforesaid were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against the defendants in their individual capacities.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SECOND CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

30. The allegations set forth in all preceding paragraphs inclusive, are incorporated herein as if fully set forth.

31. The conduct of defendants resulted in plaintiff being falsely, maliciously, and unlawfully arrested, detained, intimidated and oppressed, and plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**THIRD CAUSE OF ACTION**
**STATE LAW CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS**

32. The allegations set forth in all preceding paragraphs inclusive, are incorporated herein as if fully set forth.

33. Defendants assaulted and battered plaintiff as aforesaid.

34. As a direct and proximate result of this assault and batter, plaintiff suffered damages as aforementioned throughout this complaint.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**FOURTH CAUSE OF ACTION**
**STATE LAW CLAIM FOR FALSE IMPRISONMENT AGAINST ALL DEFENDANTS**

35. The allegations set forth in all preceding paragraphs inclusive, are incorporated herein as if fully set forth.

36. Defendants illegally arrested and imprisoned plaintiff in regard to the incident of April 13, 2016.

37. As a direct and proximate result of this false arrest and illegal imprisonment, plaintiff suffered damages as aforesaid.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 AGAINST THE CITY OF PHILADELPHIA FOR ITS FAILURE TO**
**INVESTIGATE, TRAIN, SUPERVISE, AND/OR DISCIPLINE**

38. The allegations set forth in all preceding paragraphs are incorporated herein as if fully set forth.

39. Prior to April 13, 2016, the City of Philadelphia, including but not limited to the City of Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

40. The only investigative body with the authority to respond to police misconduct in the Municipality of Philadelphia is the Philadelphia Police Department's Internal Affairs Division.

41. The customs and policies of the Municipality of Philadelphia in its use of the Police Department's Internal Affairs Division as the sole body with the authority to protect citizens from police misconduct has been demonstrably ineffective for many years.

42. In 2012, despite months of investigation by the Philadelphia Police Department's Internal Affairs Division proving that Kareem Alleyne was innocent of manslaughter and simultaneously demonstrating that the alleged victim, Police Officer Marc Brady, had engaged in repeated criminal activity, the Philadelphia Police Department was able to take the side of Police Officer Brady, ignoring and hiding the evidence that was exculpatory to Mr. Alleyne, so that it could improperly and unconstitutionally arrest Mr. Alleyene.

43. Upon hearing the evidence that the Internal Affairs Division had obtained, a Pennsylvania Common Pleas Judge dismissed the criminal case against Mr. Alleyne prior to

trial and a Federal Jury awarded him more than one million dollars for the violation of his constitutional rights.

44. The City of Philadelphia's policies and customs to fail to adequately supervise and investigate its police officers, became worse in 2013, when the Department's Internal Affairs Division began investigating seven Philadelphia Police Officers that were known to be unlawfully arresting dozens of citizens, but did nothing to stop the rampant oppression and constitutional violations being carried out by these officers.

45. Despite the Internal Affairs Division's uncovering of massive amounts of evidence of constitutional violations, oppression, and unlawful arrests by these officers, the unlawful abuse and oppression was allowed to continue, until August of 2015, when Pennsylvania Common Pleas President Judge Sheila Woods-Skipper reversed more than one hundred and fifty-eight people's convictions due to the misconduct of these officers.

46. Plaintiff's assault by Police Officer Number One was investigated almost immediately after it occurred by the same Internal Affairs Unit that failed to adequately investigate and supervise the aforementioned on hundred and fifty-nine cases of police misconduct and, consistent with the policies and customs demonstrated in those cases, failed to adequately investigate and supervise Plaintiff's case.

47. Despite having viewed a video that showed a Philadelphia Police Officer savagely and unlawfully beating Plaintiff while he was unarmed justification, members of the Philadelphia Police Department, including the Internal Affairs Division, allowed Plaintiff to be arrested, detained, and intimidated from reporting police misconduct, and did not arrest or charge any of the police officers responsible.

48. It was the policy and/or custom of the City of Philadelphia, by and through its Police Department to inadequately and improperly investigate acts of misconduct by its officers, including defendant officer(s), such that these acts of misconduct were tolerated and known by the City of Philadelphia, including the incident involving plaintiff in this matter.

49. It was the policy and/or custom of the City of Philadelphia and its Police Department to inadequately supervise and train its police officers, including the defendant officer(s), thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia, by and through its Police Department, did not require appropriate in-service training or re-training of officer(s) who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct.

50. As a result of the above described policies and customs, police officers of the City of Philadelphia and its Police Department, including the defendant officer(s), believed that his/their actions would not be properly monitored by supervisor officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. Through the above described policies and customs, police officers of the City of Philadelphia, by and through its Police Department, demonstrated an indifference on the part of policymakers of the City of Philadelphia and its Police Department to the constitutional rights of persons within the City of Philadelphia, and were the cause of the violations of plaintiff's rights alleged herein.

52. The acts and failures to act of Defendant, City of Philadelphia, by and through its Police Department, committed under color of law, as herein above set forth, deprived plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United

States, in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988, and deprived the plaintiff of rights guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANTS**

53. The allegations set forth in all preceding paragraphs inclusive, are incorporated herein as if fully set forth.

54. The unlawful actions of defendants were intentional and/or reckless, constituting extreme and outrageous conduct which caused plaintiff to suffer severe and foreseeable emotional and physical injuries to his person.

55. Plaintiff re-alleges the damages as previously set forth.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**SEVENTH CAUSE OF ACTION**
**STATE LAW CLAIM**

56. The allegations set forth in all preceding paragraphs inclusive, are incorporated herein as if fully set forth.

57. On April 13, 2016, Defendants falsely, maliciously, and with no probable cause arrested, charged, intimidated, and oppressed plaintiff in regard to the above-mentioned incident.

58. Defendants intentional, malicious, willful, wanton, reckless, careless, and negligent acts, conduct and/or omissions, were without probable cause and were brought and continued for an improper purpose.

59. In so willfully, illegally, improperly and or perverting the use of process to accomplish a result outside its lawful scope against plaintiff, defendants caused plaintiff to suffer injuries to his person, property, and/or reputation as a result of their misuse of process.

60. As a direct and proximate result of this malicious prosecution and abuse of process, plaintiff suffered damages as aforesaid.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**JURY DEMAND**

61. Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, plaintiff respectfully requests this Honorable Court grant the relief herein requested.

**SCHATZ & STEINBERG**

Dated: December 20, 2016

**JOHN P. O'NEILL, ESQUIRE**
**Counsel for Plaintiff**
**1500 John F. Kennedy Boulevard, Suite 1300**
**Philadelphia, PA 19103**