### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK DELGRANDE**<br>**Plaintiff** | **CIVIL ACTION** |
| **Vs.** | **No.: 16-5778** |
| **THE CITY OF PHILADELPHIA, POLICE OFFICER RAFAEL GANDARILLA BADGE 6023, DETECTIVE JOHN HOPKINS 691, OFFICER ROBERT PALMER BADGE 9433, OFFICER GRESS BADGE 4702, OFFICER GRAY BADGE 3811, LIEUTENANT THOMAS VALES BADGE 249, LIEUTENANT TATE, OFFICER ROBERT ALFORD 5122** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

### SECOND AMENDED COMPLAINT

**I.    JURISDICTION**

1.    This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

**II.    PARTIES**

2.    Plaintiff, Mark Delgrande, is a resident and citizen of the Commonwealth of Pennsylvania, currently residing at 650 Parlin Street Apt. B, Philadelphia, Pennsylvania 19116.

3.    Defendant, City of Philadelphia, is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of

Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA 19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in creating and maintaining a Police Department and was the employer of all of the Police Officer Defendants in this action.

4.    Defendant, Philadelphia Police Officer Rafael Gandarilla, Badge No. 6023 (herein after "Officer Gandarilla"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

5.    Defendant, Philadelphia Police Department Detective John Hopkins, Badge No. 691(herein after Detective Hopkins), was at all times relevant to this Complaint, a detective of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6.    Defendant, Police Officer Robert Palmer, Badge No. 9433 (herein after "Officer Palmer"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or

employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department.  He is being sued in both his individual and official capacities.

7.     Defendant, Police Officer Gress Badge No. 4702, (herein after "Officer Gress"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

8.     Defendant, Police Officer Gray Badge No. 3811(herein after "Officer Gray"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

9.     Defendant, Police Lieutenant Thomas P. Vales, Badge No. 249(herein after "Lieutenant Vales"), was at all times relevant to this Complaint, an Officer of the Police

Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent,

servant, and or employee of the City of Philadelphia, by and through the Police Department,

acting under the direction and control of the City of Philadelphia and its Police Department, and

was acting pursuant to either official policies, statutes, ordinances, regulations, customs,

practices and usages of the City of Philadelphia and its Police Department. He is being sued in

both his individual and official capacities.

   10. Defendant, Police Lieutenant Tate(herein after "Lieutenant Tate"), was at all

times relevant to this Complaint, an Officer of the Police Department of Defendant, City of

Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City

of Philadelphia, by and through the Police Department, acting under the direction and control of

the City of Philadelphia and its Police Department, and was acting pursuant to either official

policies, statutes, ordinances, regulations, customs, practices and usages of the City of

Philadelphia and its Police Department. He is being sued in both his individual and official

capacities.

   11. Defendant, Police Officer Robert Alford Badge No. 5122(herein after "Officer

Alford"), was at all times relevant to this Complaint, an Officer of the Police Department of

Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or

employee of the City of Philadelphia, by and through the Police Department, acting under the

direction and control of the City of Philadelphia and its Police Department, and was acting

pursuant to either official policies, statutes, ordinances, regulations, customs, practices and

usages of the City of Philadelphia and its Police Department. He is being sued in both his

individual and official capacities.

12.     At all times material and relevant to this complaint, Defendant, City of

Philadelphia, did act through its agents, employees, owners, representative, agents and/or

employees while in the course and scope of their employment and/or agency.

13.     At all times referred to herein, Defendants, acted under color of the laws, statutes

ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania,

the City of Philadelphia and the Police Department of the City of Philadelphia, and pursuant to

their authority as police officers and or detectives of the City of Philadelphia and its police

department.

**III.     FACTS**

14.     On or about April 13, 2016, at approximately 11:00 p.m., Plaintiff was operating

his motor vehicle in the area of 10901 Old Bustelton Avenue, in the City and County of

Philadelphia.

15.     Defendant Officer Gandarilla, at the same time, also operating a motor vehicle in

the area of 10901 Old Bustelton Avenue, in the City and County of Philadelphia.

16.     Defendant, Officer Gandarilla, drove his motor vehicle across the path of

Plaintiff's moving motor vehicle as both vehicles entered the parking lot located at or near 10901

Old Bustelton Avenue, Philadelphia, PA 19149.

17.     In the parking lot located at or near 10901 Old Bustelton Avenue, Philadelphia,

Pennsylvania 19149. Plaintiff and Officer Gandarilla engaged in a verbal argument.

18.     Suddenly, and without warning or justification, Officer Gandarilla, drew his

Philadelphia Police issued baton and repeatedly struck Plaintiff about the head and body causing

serious and permanent injury to Plaintiff, including, but not limited to: a laceration to his head,

requiring five staples, a hand fracture of the left fourth finger requiring multiple surgeries, post

traumatic headaches, severe and multiple injuries, both internal and external, to and about his

body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, internal injuries of an unknown nature, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

19.     After being viciously assaulted by Defendant, Officer Gandarilla, Plaintiff was able to escape back to his motor vehicle and drive to his residence, located at 650 Parlin Street Apt. B, Philadelphia, Pennsylvania 19116.

20.     Defendant, Detective Hopkins, Defendant, Lieutenant Vales, and Defendant, Lieutenant Tate conducted an investigation into the assault of Plaintiff that included watching a surveillance video of said assault.

21.     Although Defendant, Detective Hopkins, Defendant, Lieutenant Vales, and Defendant, Lieutenant Tate observed evidence that demonstrated that Plaintiff was a victim of an assault by Defendant Officer Gandarilla, Defendant Defendant, Detective Hopkins, Defendant, Lieutenant Vales, and Defendant, Lieutenant Tate, worked in concert with Defendant Officer Gandarilla to deprive Plaintiff of his Constitutionally Protected Rights, including, but not limited to, his liberty by detaining him and subjecting him to unwarranted investigation, interrogation, and intimidation.

22.     Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, and Defendant Officer Alford worked in concert with Defendant, Detective Hopkins, Defendant, Lieutenant Vales, and Defendant, Lieutenant Tate, and Defendant, Officer Gandarilla, to deprive

Plaintiff of his Constitutionally Protected Rights, including, but not limited to, his liberty by detaining him and subjecting him to unwarranted investigation, interrogation, and intimidation.

23.    Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, Defendant Officer Alford, Defendant, Detective Hopkins, Defendant, Lieutenant Vales, Defendant, Lieutenant Tate, and Defendant, Officer Gandarilla worked in concert to threaten, intimidate, terrorize, and otherwise, manipulate Plaintiff by detaining him and subjecting him to unwarranted investigation.

24.    The aforesaid assault, battery and unlawful imprisonment, use of excessive force, restrictions of freedom to move, and the physical and psychological abuse inflicted upon the plaintiff by Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, Defendant Officer Alford, Defendant, Detective Hopkins, Defendant, Lieutenant Vales, Defendant, Lieutenant Tate, and Defendant, Officer Gandarilla, were carried out unlawfully, maliciously and intentionally.

25.    As a direct and proximate result of the intentional, unlawful, reckless and malicious acts described above, all committed by Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, Defendant Officer Alford, Defendant, Detective Hopkins, Defendant, Lieutenant Vales, Defendant, Lieutenant Tate, and Defendant, Officer Gandarilla under color of law, under their authority as City of Philadelphia Police Officers, while acting in the course and scope of their employment and pursuant to authority vested in them by City of Philadelphia, Defendants caused plaintiff herein to sustain serious and painful injuries to his body, and to suffer serious mental anguish and economic damages, some or all of which injuries and damages may continue indefinitely into the future.

## FIRST CAUSE OF ACTION
## EXCESSIVE USE OF FORCE BY DEFENDANTS
## COGNIZABLE UNDER 42 U.S.C. §1983

26.     The allegations set forth in paragraphs one through twenty-two inclusive, are incorporated herein as if fully set forth.

27.     At the time and date aforementioned, Defendant, Officer Gandarilla, used unnecessary force on plaintiff by, inter alia, striking him about the head and body with a baton. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

28.     Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, Defendant Officer Alford, Defendant, Detective Hopkins, Defendant, Lieutenant Vales, Defendant, Lieutenant Tate, and Defendant, Officer Gandarilla used unnecessary force on plaintiff by, inter alia, handcuffing, arresting, forcibly moving, oppressing, intimidating, and detaining him when he was in need of serious medical attention. Defendants' actions were unnecessary, unlawful, outrageous and intentional, and constituted an unlawful physical assault upon plaintiff.

29.     At no time did plaintiff's actions justify the actions of Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, Defendant Officer Alford, Defendant, Detective Hopkins, Defendant, Lieutenant Vales, Defendant, Lieutenant Tate, and Defendant, Officer Gandarilla.

30.     As a direct and proximate result of the aforesaid excessive use of force and unlawful and malicious physical abuse of plaintiff by Defendant Officer Palmer, Defendant Officer Gress, Defendant Officer Gray, Defendant Officer Alford, Defendant, Detective Hopkins, Defendant, Lieutenant Vales, Defendant, Lieutenant Tate, and Defendant, Officer

Gandarilla, committed under color of law and under each individual defendant's authority as a police officer of the City of Philadelphia, plaintiff suffered harm and was deprived of his constitutional rights, including but not limited to his Fourth and Fourteenth Amendment Constitutional rights.

31.     As a direct and proximate result of the malicious and outrageous conduct of Defendants, plaintiff suffered physical injuries, as well as psychological and emotional injuries, some or all of which may be permanent.

32.     The acts of Defendants as aforesaid were wanton, malicious and oppressive, thus entitling plaintiff to an award of punitive damages against the defendants in their individual capacities.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SECOND CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

33.     The allegations set forth in paragraphs one through twenty-nine inclusive, are incorporated herein as if fully set forth.

34.     The conduct of defendants resulted in plaintiff being falsely, maliciously, and unlawfully arrested, detained, intimidated and oppressed, and Plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants for compensatory and punitive damages, plus costs of this action, attorneys fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## THIRD CAUSE OF ACTION
### STATE LAW CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

35.     The allegations set forth in paragraphs one through thirty-one inclusive, are incorporated herein as if fully set forth.

36.     Defendants assaulted and battered plaintiff as aforesaid.

37.     As a direct and proximate result of this assault and battery, Plaintiff suffered damages as aforementioned throughout this complaint.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## FOURTH CAUSE OF ACTION
### STATE LAW CLAIM FOR ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

38.     The allegations set forth in paragraphs one through thirty-four inclusive, are incorporated herein as if fully set forth.

39.     Defendants illegally arrested and imprisoned plaintiff in regard to the incident of April 13, 2016.

40.     As a direct and proximate result of this false arrest and illegal imprisonment, plaintiff suffered damages as aforesaid.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 AGAINST THE CITY OF PHILADELPHIA FOR ITS FAILURE**
**TO**
**INVESTIGATE, TRAIN, SUPERVISE, AND/OR DISCIPLINE**

41.     The allegations set forth in paragraphs one through thirty-seven inclusive, are incorporated herein as if fully set forth.

42.     Prior to April 13, 2016, the City of Philadelphia, including but not limited to the City of Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Philadelphia, which caused the violations of plaintiff's civil rights.

43.     It was the policy and/or custom of the City of Philadelphia, by and through its Police Department to inadequately and improperly investigate acts of misconduct by its officers, including defendant officer(s), such that these acts of misconduct were tolerated and known by the City of Philadelphia, including the incident involving plaintiff in this matter.

44.     It was the policy and/or custom of the City of Philadelphia and its Police Department to inadequately supervise and train its police officers, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers.  The City of Philadelphia, by and through the Philadelphia Police Department, did not require appropriate in-service training or re-training of officer(s) who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and unlawful behavior and further police misconduct.

45.     Prior to April 13, 2016, Defendant, Officer Gandarilla had three complaints made about him to Internal Affairs relating to off-duty actions, two of which, were for altercations that occurred in parking lots of commercial establishments and involved striking with an object and

the hospitalization of a civilian, however, Defendant, Officer Gandarilla, did not receive training or supervision as a result.

46.     As a result of the above described policies and customs, police officers of the City of Philadelphia and its Police Department, including the defendant officer(s), believed that his/their actions would not be properly monitored by supervisor officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47.     Through the above described policies and customs, police officers of the City of Philadelphia, by and through its Police Department, demonstrated an indifference on the part of policymakers of the City of Philadelphia and its Police Department to the constitutional rights of persons within the City of Philadelphia, and were the cause of the violations of plaintiff's rights alleged herein.

48.     The acts and failures to act of Defendant, City of Philadelphia, by and through its Police Department, committed under color of law, as herein above set forth, deprived plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United States, in violation of 42 U.S.C. Sections 1981, 1983, 1985, 1986 and 1988, and deprived the plaintiff of rights guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANTS

49.     The allegations set forth in paragraphs one through forty-four inclusive, are incorporated herein as if fully set forth.

50.     The unlawful actions of Defendants were intentional and/or reckless, constituting extreme and outrageous conduct which caused plaintiff to suffer severe and foreseeable emotional and physical injuries to his person.

51.     Plaintiff re-alleges the damages as previously set forth.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

### SEVENTH CAUSE OF ACTION
### STATE LAW CLAIM

52.     The allegations set forth in paragraphs one through forty-seven inclusive, are incorporated herein as if fully set forth.

53.     On April 13, 2016, Defendants falsely, maliciously, and with no probable cause arrested, charged, intimidated, and oppressed plaintiff in regard to the above-mentioned incident.

54.     Defendants intentional, malicious, willful, wanton, reckless, careless, and negligent acts, conduct and/or omissions, were without probable cause and were brought and continued for an improper purpose.

55.     In so willfully, illegally, improperly and or perverting the use of process to accomplish a result outside its lawful scope against plaintiff, defendants caused plaintiff to suffer injuries to his person, property, and/or reputation as a result of their misuse of process.

56.     As a direct and proximate result of this malicious prosecution and abuse of process, plaintiff suffered damages as aforesaid.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants for compensatory and punitive damages, plus costs of this action, attorney's fees, and such other relief as this Honorable Court deems fair and appropriate under the circumstances.

## JURY DEMAND

57.     Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant the relief herein

requested.


SCHATZ & STEINBERG, P.C.


Dated: March 3, 2017

**LAURA LEVENBERG, ESQUIRE**
**Counsel for Plaintiff**
**PA Attorney ID No. 316296**
**1500 John F. Kennedy Boulevard, Suite 1300**
**Philadelphia, PA 19103**
**215-845-0250**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK DELGRANDE**<br>                         **Plaintiff**<br><br>         **Vs.**<br><br>**THE CITY OF PHILADELPHIA, POLICE**<br>**OFFICER RAFAEL GANDARILLA BADGE 6023,**<br>**DETECTIVE JOHN HOPKINS 691,**<br>**OFFICER ROBERT PALMER BADGE 9433,**<br>**OFFICER GRESS BADGE 4702, OFFICER GRAY**<br>**BADGE 3811, LIEUTENANT THOMAS VALES**<br>**BADGE 249, LIEUTENANT TATE, OFFICER**<br>**ROBERT ALFORD 5122**<br><br><br>                        **Defendants** | **CIVIL ACTION**<br><br>**No.: 16-5778**<br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Laura J. Levenberg, Esquire, do hereby certify that a true and correct copy of Plaintiff's

Second Amended Complaint, was served on counsel below by electronic filing and U.S. First Class

Mail to:

Aaron Shotland, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th floor
Philadelphia, PA 19101


Respectfully Submitted,


BY:  _____
           **LAURA J. LEVENBERG ESQUIRE**
           **Attorney for Plaintiff, Mark Delgrande**